UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELVIN ANDRE SPOTTS,           :    **CASE NO.3:11-CV-1880**
                               :
          Petitioner           :    (Judge Kosik)
                               :
     v.                        :    (Magistrate Judge Smyser)
                               :
                               :
ERIC HOLT, WARDEN,             :
                               :
          Respondent           :

## REPORT AND RECOMMENDATION

        The petitioner in this habeas corpus case claims that
he was denied due process when the Regional Office of the
Bureau of Prisons rejected his appeals of two decisions by the
Unit Discipline Committee referring incident reports to the
Discipline Hearing Officer.  Because the petitioner did not
have a due process right in connection with those appeals, his
claim is without merit.  Thus, we recommend that his petition
for a writ of habeas corpus be denied.

I. Background and Procedural History.

The petitioner, a federal prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  His petition concerns his appeals with respect to two disciplinary actions.

In September of 2011, the plaintiff received two incident reports charging him with abusing his telephone privileges.  One incident report alleges that during a telephone call the petitioner relayed messages back and forth between the person he called and another inmate.  The incident report alleges that the call was monitored, that another inmate was heard telling the petitioner what to say, and that the petitioner repeated each message word for word back and forth between the other inmate and the person the petitioner had called.  The second incident report alleges that during a telephone call to a United States Court of Appeals[1] the

---

1.  The incident report does not identify which United States Court of Appeals the petitioner had called.  The petitioner, however, identifies the court as the United States Court of
(continued...)

petitioner misrepresented himself as another inmate in an attempt to gain information about that inmate's case.  Both incident reports charge the petitioner with a Code 297 violation described as: "Use of the telephone for abuses other than criminal."

The incident reports were referred to the Unit Discipline Committee (UDC) which in turn referred each incident report to the Discipline Hearing Officer (DHO).  After a hearing, the DHO found the petitioner guilty of both charges, and he sanctioned the petitioner to among other things the disallowance of good conduct time.  But before the DHO hearings had taken place, the petitioner filed administrative appeals of the UDC's decisions.  In those appeals, the petitioner argued that the incident reports should not have been referred to the DHO because he was not guilty of Code 297 violations.  Those appeals were rejected on the basis that the hearing before the DHO had not yet taken place.

---

1.  (...continued)
Appeals for the Fourth Circuit.

The petitioner contends that he was denied due process when the Regional Office of the Bureau of Prisons misconstrued his appeals as DHO appeals and rejected his appeals of the UDC decisions referring the incident reports to the DHO without addressing the merits of his arguments.

## II. Discussion.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law."  A due process claim requires a two-part analysis.  First, the court must determine whether the interest asserted by the petitioner is within the scope of protection of life, liberty, or property found in the Due Process Clause. *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000).  Second, if the interest is one that is protected by the Due Process Clause, "the question then becomes what process is due to protect it." *Id.*

"Federal prisoners have a liberty interest in statutory good time credits." *Campbell v. Holt,* 432 Fed.Appx. 49, 51 (3d

Cir. 2011).  Thus, where a disciplinary proceeding may result in the loss of good time credits, a prisoner is entitled to certain procedural protections. *Id.*  Nevertheless, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

In *Wolff,* the Supreme Court determined the elements of process due to a prisoner who is facing a serious institutional misconduct charge which could lead to the deprivation of a protected liberty interest.  The Court held that the right to due process requires that the prisoner receive a hearing preceded by at least 24 hours advance written notice of the charged violations. *Id.* at 564.  The inmate must be allowed at the hearing to call witnesses and to present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. *Id.* at 566.  Where an illiterate inmate is involved or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, the inmate

5

should be allowed to seek the aid of a fellow inmate or aid in the form of help from a staff member. *Id.* at 570.  There must be a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Id.* at 564.

Additionally, the Court subsequently held, due process requires that there be some evidence to support the findings of the disciplinary hearing fact finder. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

The Bureau of Prisons has enacted specific procedures for disciplinary proceedings. 28 C.F.R. § 541.1, *et seq.*  Under these procedures, a staff member charges a prisoner with committing a prohibited act by issuing an incident report. 28 C.F.R. § 541.5(a).  The incident report ordinarily must be issued within 24 hours of the time the staff member became aware of the prisoner's involvement in the incident. *Id.*  The incident is then investigated. *Id.* at § 541.5(b).

After the incident is investigated, the UDC reviews the incident report and takes one of the following actions: 1)

6

finds that the prisoner committed the prohibited act charged and/or a similar prohibited act as reflected in the incident report; 2) finds that the prisoner did not commit the prohibited act charged; or 3) refers the incident report to the DHO for further review. *Id.* at § 541.7(a).  Prohibited acts are separated into four categories based on severity: Greatest, High, Moderate, and Low. *Id.* at § 541.3(a).  If a prisoner is charged with a prohibited act in the Greatest or High category, the UDC automatically refers the incident report to the DHO for further review. *Id.* at § 541.7(a)(4).

Under the regulations, when an incident report is referred to the DHO, a disciplinary hearing is conducted in accordance with the procedures set forth at 28 C.F.R. § 541.8. The prisoner is entitled to notice of the charges at least 24 hours before the hearing. *Id.* at § 541.8(c).  The prisoner is entitled to appear at the hearing and is entitled to staff representation at the hearing. *Id.* at § 541.8(d) & (e).  The prisoner is entitled to make a statement and to present documentary evidence. *Id.* at § 541.8(f).  A prisoner may request to have witnesses appear at the hearing on his behalf, but the DHO may refuse to call requested witnesses if they are

7

not reasonably available, their presence would jeopardize institutional security, or they would present repetitive evidence. *Id.*  The DHO considers all evidence presented at the hearing, and the decision of the DHO must be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence. *Id*.  Following the hearing, the DHO provides a written report documenting that the prisoner was advised of his rights. § 541.8(h).  The report also documents the evidence relied upon by the DHO, the findings of the DHO, the sanctions imposed by the DHO, and the reasons of the DHO for imposing those sanctions. *Id*.

The petitioner does not contend that he was denied any of the requirements set forth in *Wolff* or *Hill* or that the hearing before the DHO failed to comply with the federal regulations.  Rather, the petitioner contends that before the DHO held a hearing he was entitled to appeal the UDC's decision to refer the incident reports to the DHO.  He cites 28 C.F.R. § 541.7(i) which provides that a prisoner may appeal the UDC's actions through the Bureau of Prisons' Administrative Remedy Program.  He claims that he was denied due process when his administrative appeals were rejected on the basis that the DHO

hearings had not yet been held.  But neither *Wolff* nor *Hill*
holds that due process requires that a prisoner be permitted to
administratively appeal a decision of the UDC referring an
incident report to the DHO.  Moreover, "[i]t is well-
established that inmates do not have a constitutionally
protected right to a prison grievance system." *Mitchell v.*
*Dodrill,* 696 F.Supp.2d 454, (M.D.Pa. 2010)(Rambo, J.).  Thus,
violation of 28 C.F.R. § 541.7(i) itself is not a due process
violation.

Additionally, the petitioner has not shown that he was
prejudiced by the rejection of his administrative appeal.  "In
a collateral attack the question is not whether some employee
of the United States goofed up but whether the error yields
unconstitutional or otherwise illegal custody." *White v.*
*Herman*, 977 F.2d 292, 295 (7th Cir. 1992).  Harmless error
analysis applies to cases concerning prison disciplinary
proceedings. *See Elkin v. Fauver*, 969 F.2d 48, 53 (3d Cir.
1992).

Even if it was contrary to 28 C.F.R. § 541.7(i) for the
Regional Office to reject the petitioner's administrative

appeals on the basis that the DHO hearings had not yet been held, the plaintiff has not established that he was prejudiced by such an error.  The petitioner was charged with Code 297 violations, which are classified as prohibited acts in the High category. 28 C.F.R. § 541.3 (Table 1).  In accordance with 28 C.F.R. § 541.7(a)(4), because the charges against the petitioner were within the High category, the UDC was required to automatically refer the incident reports to the DHO for further review.  That is what the UDC did in this case, and, thus, the petitioner cannot establish that he was prejudiced by the rejection of his administrative remedy requests.  Further, the petitioner's arguments that he was not guilty of Code 297 violations are arguments that he had an opportunity to subsequently make before the DHO.

Because the petitioner was not denied due process, we will recommend that his petition for a writ of habeas corpus be denied.[2]

---

2.  Because the petitioner was not denied due process, we will not reach the respondent's alternative argument that the petition should be dismissed because the petitioner failed to exhaust administrative remedies.  We note, however, that the petitioner contends that his efforts to exhaust administrative remedies have
(continued...)

III. Recommendations.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case filed be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  February 2, 2012.

_____

2.  (...continued)
been thwarted.