UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KELVIN ANDRE SPOTTS,
    Petitioner,

vs.

ERIC HOLT, WARDEN,
    Respondent.

CIVIL ACTION NO.: 3:11-CV-1880

(Judge Kosik)

FILED
SCRANTON

JUN 2 2 2012

PER _____
DEPUTY CLERK

## MEMORANDUM

Before the court is a Report and Recommendation of Magistrate Judge J. Andrew Smyser filed on February 2, 2012 (Doc. 12), recommending the petitioner's Petition for Writ of Habeas Corpus be denied. Subsequent to the filing of the Report and Recommendation, petitioner filed a request for leave to amend (Docs. 14 and 18). For the reasons which follow, we will adopt the Report of the Magistrate Judge, but we will grant petitioner's request to amend his petition.

## BACKGROUND

Petitioner, Kelvin Andre Spotts, an inmate confined at USP-Canaan, Waymart, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 on October 12, 2011. In his petition, petitioner is challenging a denial of his due process rights arising out of two appeals from decisions of the Unit Disciplinary Committee. The specific facts, which deal with abusing telephone privileges, are set forth in the Report and Recommendation (Doc. 12). After two incident reports were filed charging petitioner with abusing telephone privileges, the incident reports were referred to the Unit Disciplinary Committee, which referred them to the Discipline Hearing Officer. After a hearing, the Discipline Hearing Officer found petitioner guilty of both charges. Before the hearings had taken place,

petitioner filed appeals of the Unit Disciplinary Committee's decisions, arguing that the incident reports should not have been referred to the Discipline Hearing Officer because he was not guilty of the violations. The administrative appeals were rejected because the hearing before the Discipline Hearing Officer had not yet taken place. Petitioner argues that he was denied due process when his appeals of the Unit Disciplinary Committee's decisions were rejected as premature without addressing the merits of his arguments.

As the Magistrate Judge points out, where a disciplinary proceeding may result in the loss of good time credits, a prisoner is entitled to certain procedural protections as set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). Additionally, the Bureau of Prisons has enacted specific procedures for disciplinary proceedings, 28 C.F.R. §541.1 et seq. We agree with the Magistrate Judge's conclusion that based on the filings before him, petitioner was not denied due process by the manner in which his administrative appeals were handled.

In response to the Report and Recommendation of the Magistrate Judge, petitioner filed four documents, Motion Requesting Copies of Administrative Remedies Tort Claims, and Responses made to each Remedy at the Government's Expense (Doc. 13), Motion Requesting Judicial Notice and Exhibits be Construed as Motion to Amend Writ of Habeas Corpus (Doc. 14), a Brief in Support of Motion for Leave to File Amended Pleadings (Doc. 17), and a Motion to Amend Writ of Habeas Corpus in the Interest of Justice (Doc. 18).[1]

In the documents filed in response to the Report and Recommendation, Petitioner raises issues regarding exhaustion of his administrative remedies. He also raises issues regarding conspiracies and the impartiality of the Discipline Hearing

---

[1] Petitioner also filed a Motion for Extension of Time to Respond to the Report and Recommendation (Doc. 15), which was granted by this court (Doc. 16).

Officer. He requests an opportunity to amend his pleadings. As the Magistrate Judge points out, petitioner's petition, as filed, does not raise any due process violations under Wolff v. McDonnell, 418 U.S. 539 (1974) or Superintendent v. Hill, 472 U.S. 445 (1985). We agree with the Magistrate Judge's conclusion that petitioner was not denied due process resulting from the Discipline Hearing Officer procedure. However, petitioner requests an opportunity to amend his petition to challenge the impartiality of the hearing examiner and the proceedings. Specifically, petitioner raises issues as to why he believed the hearing examiner was biased and was retaliating against petitioner for filing grievances and assisting other inmates.[2]

Due process requires an impartial tribunal. Case law has held that in order to insure impartiality, the tribunal may not have a direct personal or otherwise substantial involvement in the circumstances underlying the charge. Meyers v. Aldredge, 429 F. 2d 296, 306 (3d Cir. 1974). Moreover, the Bureau of Prisons regulations provide that the Discipline Hearing Officer "will be an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident." 28 C.F.R. 541.8(b). Pittman v. Bledsoe, 442 Fed. Appx. 639 (3d Cir. 2011). Because petitioner requests an opportunity to amend his petition to challenge the impartiality of Discipline Hearing Officer Renda, we will allow petitioner to amend his petition.

---

[2] The Magistrate Judge notes that because of his findings as to due process, he failed to address the exhaustion issue. In the documents filed by Petitioner in seeking to amend his Petition, Petitioner expounds on his exhaustion attempts. We will defer resolution of the exhaustion issue until after the filing of the amended petition.

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

KELVIN ANDRE SPOTTS,

        Petitioner,

vs.

ERIC HOLT, WARDEN,

        Respondent.

CIVIL ACTION NO.: 3:11-CV-1880

(Judge Kosik)

### ORDER

AND NOW, this __22__ day of June, 2012, IT APPEARING TO THE COURT THAT:

(1) The Report of Magistrate Judge J. Andrew Smyser dated February 2, 2012 (Doc. 12) is **ADOPTED**;

(2) The petitioner's Motion to Amend his Petition for Writ of Habeas Corpus (Docs. 14 and 18) is **GRANTED**;

(3) Petitioner is allowed thirty (30) days from the date of this Order in which to file an Amended Petition for Writ of Habeas Corpus;

(4) Petitioner is advised that failure to file a timely amended petition will result in the court adopting the Magistrate Judge's recommendation and the petition for Writ of Habeas Corpus will be denied; and

(5) The above-captioned action is **REMANDED** to the Magistrate Judge for further proceedings.

Edwin M. Kosik
United States District Judge