UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KELVIN ANDRE SPOTTS,
        Petitioner, : CIVIL ACTION NO.: 3:11-CV-1880

v. : (Judge Kosik)

ERIC HOLT, WARDEN,
        Respondent. :

## ORDER

AND NOW, THIS 14th DAY OF JULY, 2015, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Kelvin Andre Spotts, a prisoner confined at the United States Penitentiary, Beaumont, Texas, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on October 12, 2011;

(2) In his petition, Petitioner claims that he was denied due process in two disciplinary hearings held in September 2011;

(3) The action was originally assigned to Magistrate Judge J. Andrew Smyser for Report and Recommendation;

(4) On February 2, 2012, following an extensive procedural history, the Magistrate Judge recommended that the Petition for Writ of Habeas Corpus be denied;

(5) Petitioner requested and received the opportunity to file an Amended Petition for Writ of Habeas Corpus (Docs. 19 and 20), and an Amended Petition for Writ of Habeas Corpus was filed on July 9, 2012 (Doc. 21);

(6) The action was then assigned to Magistrate Judge Martin C. Carlson for Report and Recommendation;

(7) On October 4, 2012, the Magistrate Judge issued a Report and

Recommendation (Doc. 32), wherein he recommended that the Amended Petition for Writ of Habeas Corpus be denied;

(8) Specifically, the Magistrate Judge found that Petitioner was afforded the due process protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974) and that there was sufficient evidence to support the findings of misconduct as required by Superintendent v. Hill, 472 U.S. 445 (1985);

(9) On October 12, 2012, Petitioner filed a request for Stay of Proceedings (Doc. 33) for ninety (90) days so that he could seek additional discovery to support his §2241 petition;

(10) On October 23, 2012, this court entered an Order (Doc. 34) denying Petitioner's request for Stay of Proceedings and allowing Petitioner fourteen (14) days in which to file Objections to the Report and Recommendation of the Magistrate Judge;

(11) Instead of filing Objections to the Report and Recommendation, on October 31, 2012, Petitioner filed a Motion Requesting a Voluntary Dismissal of Action in Compliance with Fed. R. Civ. Proc. 41(a) (Doc. 35). In his motion, Petitioner requested that the motion be granted "without prejudice so that at a later date he may refile claims if needed";

(12) The motion was granted on November 1, 2012 (Doc. 36) and the case was closed;

(13) On December 17, 2013, Petitioner filed a Motion to Reopen Writ of Habeas Corpus (Doc. 37). Specifically, Petitioner requested that the case be "reopened for a judicial determination of facts and claims presented";

(14) On January 6, 2014, we denied petitioner's motion (Doc. 38). We noted that it had been over one (1) year since the case was closed;

(15) On April 15, 2014, Petitioner filed a second Motion to Reopen the Case in Light of Peugh v. United States, 133 S. Ct. 2072 (2013)(Doc. 39);

(16) On April 17, 2014, we denied Petitioner's second Motion to Reopen (Doc. 40);

(17) On May 28, 2014, Petitioner filed a Notice of Appeal (Doc. 41);

(18) On January 30, 2015, the United States Court of Appeals for the Third Circuit vacated our Order of April 17, 2014 and remanded the matter to this court to reopen the instant action.  A mandate letter was issued on March 23, 2015 (Doc. 44);

(19) On April 2, 2015, we reopened the case, directed the Clerk of Court to provide Petitioner with a copy of the Report and Recommendation of Magistrate Judge Martin C. Carlson filed on October 4, 2012 (Doc. 32), and allowed Petitioner fourteen (14) days from the date of this Order in which to file Objections to the Report and Recommendation of the Magistrate Judge;

(20) Petitioner requested and was granted additional extensions of time in which to file Objections;

(21)  Petitioner has failed to file timely objections to the Magistrate Judge's Report and Recommendation.

AND, IT FURTHER APPEARING THAT:

(22)  If no objections are filed to a Magistrate Judge's Report and Recommendation, the plaintiff is not statutorily entitled to a de novo review of his claims. 28 U.S.C.§ 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F. 2d 874, 878 (3d Cir. 1987);

(23)  We have considered the Magistrate Judge's Report, and we concur with his recommendation; and,

(24)  After reviewing the record, we agree with the Magistrate Judge's thorough analysis that Petitioner was afforded all the due process to which he was entitled under Wolff and Hill, supra.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1)  The Report and Recommendation of Magistrate Judge Martin C. Carlson dated October 4, 2012 (Doc. 32) is **ADOPTED**;

(2)  The Petitioner's petition for writ of habeas corpus is **DENIED**;

(3)  The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Order to the Magistrate Judge; and,

(4)  Based on the court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

 s/Edwin M. Kosik  
Edwin M. Kosik  
United States District Judge